UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN PULLEN,

    Plaintiff,

v.                                                      Case No. 3:19-cv-133-J-39JRK

JULIE JONES, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Allen Pullen, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint), a motion for preliminary injunction (Doc. 2; Motion), and a motion to proceed in forma pauperis (IFP) (Doc. 2). Plaintiff names as Defendants Julie Jones, former Secretary of the Florida Department of Corrections (DOC), Barry Reddish, Warden of Florida State Prison (FSP), and L. Thompson, grievance coordinator at FSP. Plaintiff asserts Defendants "manipulated the rules to proceed IFP, [taking] 100% of the Plaintiff's deposit" to pay his litigation fees, rather than withdrawing 20% as permitted by statute. Complaint at 4, 6; see also Motion at 1. In his Complaint, Plaintiff claims Defendants' alleged actions deprived him of property without due process in violation of the Fourteenth Amendment and impaired his ability to exercise his religion in violation of the First Amendment. Complaint at 3. According to Plaintiff, because he had no funds in his inmate account, he was unable to "purchase and participate in the Passover holiday celebration." Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim

on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that

2

the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). The gravamen of Plaintiff's Complaint concerns withdrawals from his inmate account to pay his litigation fees. In his Complaint, Plaintiff states he "applied and qualified to proceed IFP" in a state circuit court (case number 2018 CA 122), the First District Court of Appeal, and in this Court. Complaint at 6. A review of state court records shows Plaintiff has an action pending in Leon County, Florida: Pullen v. Dep't of Corr., Case No. 2018 CA 122. See Leon County Docket.[1] In October 2018, Plaintiff appealed an order from the circuit court. His appeal is pending before the First District Court of Appeal (Case No. 1D18-4241).[2] Plaintiff has two actions pending in this Court—this case and Case No. 3:18-cv-1274-J-39MCR (2018 Case).

Upon review of the Leon County docket, this Court's dockets, and Plaintiff's filings in both courts, it appears Plaintiff takes issue with DOC's withdrawal of funds from his inmate trust account to pay his liens in state court, not this Court. The docket for the Leon County case reflects the court entered an order of insolvency on April 2, 2018, and payments were made on August 22, 2018, in the amount of $299.50, and on October 5, 2018, in the amount of $125.50, for a total of $425.00, fully satisfying the lien. On December 28, 2018, the clerk entered an order of insolvency for Plaintiff's appeal. On

---

[1] See Leon County Clerk of the Circuit Court, available at https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/process.asp?report=full_view&caseid=2861343&jiscaseid= (last visited Apr. 16, 2019).

[2] See Florida First District Court of Appeal Docket, available at http://onlinedocketsdca.flcourts.org/DCAResults/CaseDocket?Searchtype=Case+Number&Court=1&CaseYear=2018&CaseNumber=4241 (last visited Apr. 16, 2019).

April 4, 2019, the circuit court received payment in the amount of $99.50 in satisfaction of Plaintiff's appellate lien.

Plaintiff filed a motion for preliminary injunction in the 2018 Case pending in this Court, complaining that his family deposited money into his account for his personal use, but 100% was applied to the cost of litigation. Plaintiff requested this Court order DOC to follow the policy governing IFP proceedings and payments, suggesting the payments at issue concerned the lien in his 2018 Case.[3] See Doc. 23, Case No. 3:18-cv-1274-J-39MCR. However, a review of the grievance documents Plaintiff provided in support of his motion suggests otherwise. The response to Plaintiff's informal grievance, signed by L. Thompson, a named Defendant in this case, informed Plaintiff the DOC deducted greater than 20% of the funds from his prison account to pay the lien for his state prison litigation, citing a Florida statutory provision. Defendant Thompson responded as follows:

> [Florida Statutes section] 945.215(1)(f)[4] requires that all debts against the inmate's account be satisfied prior to expending funds for personal use on canteen items, therefore all deposits are applied to the inmate's debt. Deducting 100% of the deposit up to the lien balance for State Prison Litigation liens meets the court order requirement of a minimum of 20%.

See Doc. 23-1 at 5, Case No. 3:18-cv-1274-J-39MCR. Plaintiff appealed his grievance to the Warden and the Secretary of DOC, asserting the same objection he makes in his Complaint and Motion filed in this case: that the "rules to qualify to proceed [IFP] . . . [do]

---

[3] Plaintiff is proceeding IFP in this Court in the 2018 Case, though the docket reflects only one payment has been received toward his lien: $15.00 was paid on November 16, 2018. There is no suggestion in any of Plaintiff's filings or grievances that the DOC sent this Court a payment exceeding 20% of Plaintiff's inmate account for the previous month, per § 1915.

[4] Florida Statutes section 945.215(1)(f) provides inmates may request a weekly draw from their inmate trust account but only "after all debts against the account are satisfied."

4

not state 'minimum,'" but rather reflect a maximum. Id. at 2-3. He attaches as documentation to his grievances the instructions this Court provides to prisoners proceeding pro se, which reference the applicable federal statutory provision for proceeding IFP, 28 U.S.C. § 1915. Id. at 6-9.

Plaintiff is correct that the federal statute provides a maximum amount that may be withdrawn per month: "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). However, § 1915(b)(2) governs the payment of fees for federal prison litigation, not state litigation. Thus, Plaintiff's position that § 1915 governs the withdrawal of funds to pay his state litigation lien is misguided. Florida statutory law controls, as L. Thompson informed him in the grievance response.

The relevant Florida statutory provision, unlike the federal statute, provides for no maximum amount that may be withdrawn from a prisoner's account to pay litigation fees. See Fla. Stat. § 57.085(5). The provision provides "the court shall order the prisoner to make monthly payments of no less than 20 percent of the balance of the prisoner's trust account." Id. (emphasis added). Because section 57.085(5) includes no language of a maximum amount that may be withdrawn to pay state litigation fees, up to 100% may be withdrawn from a prisoner's trust account until the lien is fully satisfied. Crews v. Strother, 209 So. 3d 595, 598 (Fla. 1st DCA 2014). "[W]e conclude that the full balance of an inmate's trust account may be withdrawn by DOC and forwarded to the applicable clerk of court." Id. Reading section 57.085(5) together with section 945.215(1)(f), the Crews court concluded, the Florida statutory scheme permits the withdrawal of funds from an inmate's trust account to satisfy state prison litigation fees before an inmate is permitted

5

to use the funds for personal purchases from the canteen. Id. In his Complaint, Plaintiff recognizes he "agreed to the[] terms [for proceeding IFP], and has agreed to forfeit 20% of his deposits in good faith to the cost of litigation." Complaint at 6. Plaintiff's misunderstanding or confusion of the applicable rules to proceed IFP in state court versus this Court does not translate into a due process violation by DOC.

Moreover, Plaintiff's due process rights in his inmate trust account were meaningfully protected because he received notice of his payment obligations in satisfaction of his state court litigation lien. See Spradley v. Martin, 897 F. Supp. 560, 566 (M.D. Fla. 1995) (finding the inmate's due process rights in his trust account were "meaningfully protected" because he was provided notice that a hold would be placed on his account and he had available to him adequate post-deprivation due process procedures through the prison grievance system). Plaintiff completed an affidavit of indigency to proceed IFP in the circuit court and on appeal. The affidavit of indigency form references Florida Statutes section 57.085(5). In fact, the form affidavit is titled "Affidavit of Indigence Under FS 57.085." See Leon County Docket (March 26, 2018). In addition, the circuit court's "Order Upon Clerk's Determination of Indigence" cites the statutory provision and states "plaintiff/petitioner is hereby ORDERED to make monthly payments of no less than 20% of the balance of the prisoner's trust account as payment of court costs and fees," until the full amount of $425.00 is paid in full. Id. (April 3, 2018) (emphasis added). The order reflects a copy was furnished to Plaintiff at his place of incarceration. Id. Accordingly, Plaintiff fails to state a due process violation with respect to the DOC's withdrawal of funds from his inmate trust account to pay his state court litigation fees.

To the extent Plaintiff suggests his First Amendment rights were infringed, he fails to allege the essential elements of a free-exercise-of-religion claim. "[C]ourts require that prison rules which fail to accommodate sincerely held religious beliefs be 'reasonably related to legitimate penological interests.'" Davila v. Gladden, 777 F.3d 1198, 1212 (11th Cir. 2015) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987)). Plaintiff does not allege he was denied an opportunity to participate in Passover because of DOC rules or regulations. State statutes permit a withdrawal of funds from Plaintiff's trust account, not internal DOC rules. Even more, Plaintiff states in a conclusory manner that he was unable to "purchase and participat[e] in the Passover holiday events." Complaint at 6. He provides no facts explaining what he was unable to purchase, how he was prevented from exercising a sincerely held religious belief, or that he informed prison officials he was being denied an opportunity to participate in religious activities.

Of significance, the record evidence defies Plaintiff's allegation that the liens on his inmate account interfered with his ability to participate in Passover. Indeed, the grievance forms Plaintiff filed in the 2018 Case make no mention of religious interference. See Doc. 23-1, Case No. 3:18-cv-1274-J-39MCR. He states the "taking of 100% of [my] deposit is applying undue hardship onto my family." Id. Plaintiff's Motion for Preliminary Injunction filed in this case also does not reference religious infringement. He asserts "the present suffering of the Plaintiff is [sic] total loss of revenue from money taken by a family completely dependent on Social Security Income." See Motion at 3; Doc. 23, Case No. 3:18-cv-1274-J-39MCR.[5]

---

[5] Plaintiff's Motion for Preliminary Injunction filed in this case is a duplicate of the one he filed in the 2018 Case with the exception of the case style, the date filed, and the nature of the underlying claim.

7

Moreover, Passover in 2018 began on March 30 and ended on April 7.[6] According to the Order Upon Clerk's Determination of Indigence, Plaintiff was unable to make an initial partial filing fee on April 2, 2018, suggesting he had no funds in his account at that time for reasons unrelated to his litigation expenses. See Leon County Docket (April 3, 2018). And, the first payment was not received until August 22, 2018. Also of note, in his grievance documents and in his motions for injunctive relief (filed in this case and the 2018 Case), Plaintiff states his family deposited money into his account on June 29, 2018. See Motion at 1; see also Docs. 23, 23-1, Case No. 3:18-cv-1274-J-39MCR. The funds deposited in June could not have been used to participate in a religious holiday that ended months before.

For the above reasons, Plaintiff's allegations are insufficient to state a claim under the Fourteenth or First Amendments. Accordingly, his Complaint is due to be dismissed under § 1915(e)(2)(B). Because Plaintiff fails to state a claim for relief, his Motion for Preliminary Injunction is due to be denied. See Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (identifying the four elements a movant must prove to demonstrate entitlement to the extraordinary remedy of injunctive relief: "(1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest").

---

[6] See https://www.myjewishlearning.com/article/passover-2018/ (last visited Apr. 11, 2019).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Allen Pullen

9